UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| IRINA BORZAKOVSKAIA, et al., | ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) ) Case No. 4:12CV214  CDP |
| SCOTTRADE, INC., et al., | ) ) ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

In response to defendants' first motion to dismiss, plaintiffs filed an amended complaint, but they did not address at all the substance of the defendants' motion to dismiss.  In response to defendants' motion to dismiss the amended complaint, plaintiffs filed a motion for leave to file a second amended complaint, but they neither attached a proposed amended complaint nor attempted to explain why they believed it would cure the issues raised by defendants' motion to dismiss, except to say they think they will be able to plead a case under SEC Rule 10b-5.  I previously granted plaintiffs' requests for extensions of time.  Plaintiffs now ask for more time to respond to the opposition to the motion to amend, but they want to wait to file their proposed second amended complaint until after I rule on whether they can amend.

Plaintiffs miss the point.  Given that plaintiffs have already filed an amended complaint in an apparently futile attempt to avoid dismissal, plaintiffs need to show that any additional amendment would actually cure the defects raised by the motion to dismiss.  Although Rule 15(a)(2), Fed. R. Civ. P., provides that the court should freely give leave to amend when justice so requires, justice does not require a court to allow a plaintiff to continue stabbing in the dark to avoid dismissal.  One of the established grounds for denying leave to amend is that the amendment would be futile.  *See Foman v. Davis*, 371 U.S. 178, 182 (1962); *Crest Construction II, Inc. v. Doe*, 660 F.3d 346, 359 (8th Cir. 2011) (affirming denial of motion to amend because – "Most importantly" – the proposed amendment "did not cure the previously discussed fatal flaws").  The court cannot determine whether another amendment would be futile without seeing the proposed second amended complaint.

I will therefore give plaintiffs additional time to file a response to the opposition to the motion to amend, but only so long as they concurrently file a proposed second amended complaint.  Plaintiffs' response must address the issues raised by defendants' motion to dismiss the first amended complaint, and must explain why their proposed second amended complaint cures those alleged defects.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiffs' motion for extension of time to respond to opposition to motion to amend [# 23] is granted only as follows:

Plaintiff must file any memorandum responding to the opposition to amendment no later than **May 11, 2012 and must attach to their memorandum their proposed second amended complaint**.  Plaintiffs' memorandum must address the issues raised in defendants' motion to dismiss the first amended complaint, and must explain how their proposed second amended complaint cures those alleged defects.

**IT IS FURTHER ORDERED** that defendants shall file any response to plaintiffs' filing no later than **May 25, 2012.**

**IT IS FURTHER ORDERED** that the motions directed to the original complaint [#7 and # 16] are denied as moot.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 30th day of April, 2012.